## Michael C. Warnken ADA Advocate
6715 Binghamton Rd. Dixon, CA  95620   I   upstanding.person@gmail.com   I   Phone: (805) 450-5506

November 8, 2022

Federal Judge Valerie Fairbank
C/o her Law Clerks
United States Courthouse,
350 West First Street,
Los Angeles, CA 90012

```
       FILED
CLERK, U.S. DISTRICT COURT

      11/8/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___Vanessa Figueroa___ DEPUTY
```

Re: Myers v. Potter et. al. Case# SA-cv-22-01410-vbf


To the Court and all Parties of Interest,

  Mr. Myer has approached me about his case. He is interested in procuring my services. I am a trained ADA Advocate a position that is supported under the American's with Disabilities Act (hereinafter the "ADA") by Dr. Karen Huffer who pioneered various aspects and rights for those with disabilities. She wrote "Unlocking Justice" and other books related to ADA Advocacy from her research in this area. In fact, I have been made aware that Mr. Myer was also trained by Dr. Huffer in similar areas and she even did work for him.

  I am certified Paralegal from the University of California at Berkeley. I have a fair bit of experience working with individuals with disabilities in State and Federal Courts. Most of the time, pleadings such as this are made and then placed under seal or protective order. This is generally to protect the interests of the individual and his health rights and privacy rights with regard to those health issues. I am drafting this in haste as I am a bit busy with a number of cases and have time in the coming weeks to devote to Mr. Myer and his case.

  Mr. Myer has sent me his lodged complaint and he and I have discussed the matter with him. I believe based on my experience working as a paralegal in both state and federal court that there is likely merit to what he has written and or his position in his pleadings. He simply needs to shorten his complaint substantially and reconsider some of the parties involved.

  Also so having experience under the ADA and unfortunately under my own experiences, I believe I see what the issue is here. When a person has such a personal stake in a case and suffers from the symptoms of a disability (sometimes even brought on if not caused by those circumstances) and they end up having to plead their own case, they often run into a form of problem. When drafting court pleadings, which have their own rules, those writing their own complaints have the dual issue of presenting their work product to the court in such a way that it conforms with the rules of pleading and the expectations of the court with regard to properly presenting their claim. The second issue is more complex as it tends to be difficult for these people to write these facts as the person writing them they also experience or more accurately re-experiences the trauma associated with the event(s) that they are complaining about. This

hampers their effectiveness and clarity in their pleadings. Their personal experiences limit their ability to effectively communicate their complaint. This in itself triggers the ADA.

Under the American's with Disability Act, persons with disabilities have the right to full and effective participation in the litigation process. The Findings of Congress under the ADA (See 42 USC 12102 et. seq) are to give a broad base of support to those who have disabilities to get the aid they need (with of course proper limitations) to engage in Government services and to be able participate and flourish, which is why the ADA was put into place.

I have discussed the case with only glancing his pleadings. I have suggested to him that he may need to drop some of the more glamorous aspects his case, which I deem to be more sexy and less substantive. He also needs to stick to the facts at hand and the relevant parties that are substantive and not use his part in the litigation process to upset certain political matters that are really outside the scope of what his case needs to focus on. The complaint should be closer to 20 pages and not over 100 as it currently stands. I have written a number of federal complaints over the years and can pare it down as it needs to be.

I am asking this court for two specific things. First that a continuance be given for me to review the case and second that this be filed under seal for the privacy interests noted above. If through litigation the opposition discovers Mr. Myer's ADA condition and wish to garner discovery into it,, that is for the court to decide then, but his disabilities should not be open to general consumption under the ADA and HIPPA and other privacy rights. I would advance the case of Griswold v. Connecticut, 381 US 479 (1965) as well and the right to medical privacy and it appears under statute, there is a advocate client privilege between me Mr. Myer as it appears I am treated as a interpreter under Federal Law and my assistance makes that possible and my communications with Mr. Myer are not discoverable by the opposition. I am writing in advance of his November 11, 2022 deadline seeking a continuance under what I have delineated above. Mr. Myer has been diligently after me and I have been quite busy and I need to attend to this case. My time is now freeing up though.

Please let Mr. Myer and myself know if this can work. Otherwise, I guess I can sit down and throw something together for him in an expedited manner to meet the 11th deadline, which might need to be redrafted again due to me attending to it in an expedited manner. I wish to save everyone that hassle. I'd like to do it properly the first time. Again, please let me know.

Sincerely yours,


Michael C. Warnken